## George P. Humphrey v. Charles A. Hurd and others.

*Attorneys: Duty to clients: Land titles.* Where a client, seeking to acquire title to land, refused to take up a claim upon it of which his attorney had notified him, and expressed the opinion that the claim referred to was of no consequence, the attorney violated no confidence in buying up the claim in the interest of another party; and the title thus obtained by the latter would not be invalidated by the previous relations of such attorney with the other party.

*Evidence.* A party cannot repudiate part of the evidence given in his own behalf, and claim benefit from the rest.

*Ejectment: Defense: Attorney and client: Breach of duty.* Whether in an action of ejectment, which turns upon the legal title, it would be available as a defense, if shown, that plaintiff's title was obtained through a violation of duty owed to defendants by one whom they had employed as an attorney to aid them in perfecting their title:—*Quære?*

*Heard April 8.      Decided April 13.*

Error to Cheboygan Circuit.

*Atkinson, Hawley & Atkinson* and *Hoyt Post*, for plaintiff in error.

*George W. Bell* and *D. C. Holbrook*, for defendants in error.

GRAVES, CH. J.

Humphrey brought ejectment against defendants in error for premises in the village of Cheboygan. The suit was commenced on the first day of July, 1872, and was tried before a jury, in August, 1874, and the defendants succeeded.

It was admitted that both parties claimed title through Jacob Sammons, and that defendants were in adverse possession when the action was commenced.

On the part of the plaintiff the following chain of title was shown: *First*, a deed from Sammons to William Scott, bearing date February 23d, 1850, and recorded on the 8th of the succeeding March; *second*, a deed from William Scott to Bela Chapman, dated February 27th, 1851, and recorded on the 8th of March thereafter; and *third*, a deed from Bela Chapman to plaintiff, dated June 10th,

1872. An unbroken paper title was thus traced to the plaintiff, and a *prima facie* right to recover shown.

The defendants' counsel then gave in evidence a deed from Sammons to one Beloit, dated November 3d, 1852, and recorded on the 26th of the same month. This deed, it will be noticed, was about two and a half years later than the deed from Sammons to Scott, in the plaintiff's chain of title. Following this proof, the defendants next gave in evidence a deed from Walter Crane, as receiver of the estate of Jeremiah Duncan and others, to McArthur, Southwick, Swan and McDonald, dated July 13th, 1865, and subsequent conveyances from them, and by and through others, to one Sanford Baker, and a contract of sale by Baker, on certain conditions, to defendants. This contract was dated June 7, 1872, or three days earlier than the deed from Chapman to plaintiff.

The defendants then gave evidence tending to show that on receiving the contract from Baker, they entered under it, and have since been in possession under it, and under a deed executed pursuant to it; that one Watts S. Humphrey, a brother of the plaintiff, was employed by them as their attorney to draw the Baker contract, to examine in their behalf the title to the property, and procure an abstract; that in this he acted on their request, and not on that of Baker, and in the course of his investigation became aware that Bela Chapman had not yet conveyed; that this fact being so ascertained by said Watts S. Humphrey in the course of his service for defendants, the plaintiff derived knowledge of it from him, and knew also the fact that he found out the non-conveyance by Chapman under the circumstances before stated; that .on *discovering, however, that Chapman had not conveyed, Watts S. Humphrey advised the defendants of it, and they declined to have any thing to do with the Chapman title, and determined to take, and did take the contract from Baker;* that afterwards the plaintiff procured Watts S. Humphrey to buy the Chapman title for him, and that no conversa-

tion occurred between the parties to the case touching the matter in suit.

An offer of forty dollars was made by defendants' counsel for the expense of plaintiff in procuring the Chapman title.

On the part of plaintiff evidence was then given tending to show that defendants had never asked plaintiff for the title he obtained or had in any way elected to take it.

He further offered to show that before entering into the Baker contract the defendants verbally discharged Watts S. Humphrey from all obligation to them concerning the Chapman title, and consented that he might buy it for himself or others; that this fact was made known to plaintiff, and that in getting his brother to buy for him he acted upon it; and further, that one Taylor, some days prior to the contract, informed Baker and his agent of the existence of the Chapman title, and that they said in substance that it did not amount to any thing.

These offers were respectively excluded by the court on the objection by defendants that the evidence was immaterial.

After this full statement of the case it is not deemed necessary to refer to the charge or requests, further than to say, that the court refused a request by the plaintiff, that he was entitled to a verdict, and, on the contrary, submitted the case to the jury upon a theory of the defense, which in substance required them to find for the defendants.

I think this was error, and that the plaintiff was entitled, as the case stood, to the distinct charge in his favor which was refused.

The evidence on his side went to show, and, unless overborne, avoided or impugned, was conclusive to show a complete legal title and right to recover.

The regularity of the links in his chain of title seems not to have been questioned at all, and the only matter brought forward to impair his right was the use made by him of Watts S. Humphrey and his knowledge, to get the Chapman title.

Without stopping to inquire whether, in an action of ejectment, which turns upon the legal title, it would be a good defense, if admitted, that the deed from Chapman to plaintiff was obtained through a violation of duty Watts S. Humphrey owed to defendants as a consequence of his position as their attorney, it is still too plain for argument that if there was no violation of duty at all on the part of Watts S. Humphrey, his doings and the use made of his knowledge can afford no semblance of defense whatever; and looking at the case as the record shows it, I am unable to see that he derogated in the least from any legal duty he owed to the defendants.

All the evidence allowed to go to the jury upon this subject was given by the defendants themselves, and they cannot repudiate part, and claim benefit from the rest; and this evidence shows explicitly that when he discovered the Chapman title was unconveyed, he advised the defendants of it, and that thereupon they deliberately decided they would not meddle with that title, but would go on and take the Baker title. This election excluded the Chapman title from their plan, and left it definitively not comprehended by their purpose, but quite independent of their business and object; and the duty of Watts S. Humphrey did not extend to matters which they distinctly refused to have any thing to do with, and discarded from their attention. His duty went no further than the rights they chose to hold. And when it was settled that the Chapman title should not be acquired or considered as within the purview of their operations, no duty in their favor rested upon him that he should thereafter abstain from saying or doing any thing to promote a transfer of that title from Chapman to third parties. He was placed completely at liberty in that regard by the deliberate decision of the defendants themselves.

He seems throughout the entire business to have acted openly and fairly. At all events the record discloses noth-

ing to the contrary, and consequently there is no ground for imputing any discreditable practice to him.

If the view taken is correct, the exceptions for excluding evidence are unimportant, and the judgment must be set aside, with costs, and a new trial granted, on account of the error in the charge.

COOLEY, and CAMPBELL, JJ., concurred.